UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TANYA S. COLEMAN,<br><br>               Plaintiff,<br><br>    v.<br><br>MICHAEL ASTRUE,<br>Commissioner of Social Security,<br><br>               Defendant. | Case No.  C07-5406FDB<br><br>REPORT AND RECOMMENDATION<br><br>Noted for May 16, 2008 |

This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrate Rule MJR 4(a)(4) and as authorized by Mathews, Secretary of H.E.W. v. Weber, 423 U.S. 261 (1976). This matter has been briefed by the parties. The undersigned now submits the following report, recommending that the Court affirm the administrative decision to deny plaintiff social security benefits.

**INTRODUCTION**

Plaintiff, Tanya Coleman, was born in 1965. She completed the 10th grade. She has lived on her own since she was 16 or 17 years old, when she left school, her foster home and began working. However, she has very little past work experience. She last worked, for only one month, as a fast-food service attendant from July to August 2003.

Plaintiff filed an application for supplemental security income benefits on October 30, 2003. She alleged disability since August 15, 2003, and states she is unable to work due to "a whole lot of pain

constantly. I have some social defects and I have pain constantly" (Tr. 951).

The application was denied initially and on reconsideration. Ms. Coleman timely requested a hearing before an Administrative Law Judge, and a hearing was held on December 21, 2006. At the hearing, Ms. Coleman amended her onset date of disability to October 30, 2003, the date of her application.

The ALJ issued an unfavorable decision on February 22, 2007 (Tr. 13-30). Plaintiff filed a Request for Review with the Appeals Council. On June 22, 2007, the Appeals Council issued its Notice of Appeals Council Action, denying the Request for Review, making the ALJ's decision the administration's final determination.

Plaintiff now brings the instant action pursuant to 205(g) of the Social Security Act ("the Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the final decision denying plaintiff's application for benefits. Specifically, Plaintiff contends ALJ erred when he discredited Plaintiff's allegations and statements regarding the severity of her impairments. Plaintiff further argues the ALJ's residual functional capacity ("RFC") is erroneous because it does not properly reflect Plaintiff's allegations. Defendant counter-argues that the ALJ applied the proper legal standards and his findings are properly supported by substantial evidence in the record.

## **DISCUSSION**

The Commissioner's decision must be upheld if the ALJ applied the proper legal standard and the decision is supported by substantial evidence in the record. Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992); Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985). It is more than a scintilla but less than a preponderance. Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v. Sullivan, 772 F. Supp. 522, 525 (E.D. Wash. 1991). If the evidence admits of more than one rational interpretation, this Court must uphold the Commissioner's decision. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).

Bunnell v. Sullivan, 947 F.2d 341 (9th Cir. 1991) (*en banc*), is controlling Ninth Circuit authority on evaluating plaintiff's subjective complaints. Bunnell requires the ALJ findings to be properly

1  supported by the record, and "must be sufficiently specific to allow a reviewing court to conclude the
2  adjudicator rejected the claimant's testimony on permissible grounds and did not 'arbitrarily discredit a
3  claimant's testimony regarding pain.'" Id. at 345-46 (quoting Elam v. Railroad Retirement Bd., 921 F.2d
4  1210, 1215 (11th Cir. 1991)).  An ALJ may reject a claimant's subjective complaints, if the claimant is
5  able to perform household chores and other activities that involve many of the same physical tasks as a
6  particular type of job.  Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989) However, as further explained in
7  Fair v. Bowen, *supra*, and Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996), the Social Security Act
8  does not require that claimants be utterly incapacitated to be eligible for benefits, and many home
9  activities may not be easily transferrable to a work environment where it might be impossible to rest
10 periodically.

11    Here, the ALJ discussed Plaintiff's credibility after first summarizing and reviewing the medical
12 evidence, in the context of her residual functional capacity.  The ALJ wrote:

> The claimant alleges debilitating pain of a chronic nature.  She testified that she can sit a maximum of ten minutes and stand a maximum of 20 minutes.   Due to pain, she stated that she requires four to five periods of recumbency during the work hours.  The claimant's conditions can give rise to pain (SSR 94-3p).  However, the record does not support the level of limitation alleged by the claimant.  Her primary care provider, ARNP West, limited the claimant to work at the sedentary exertional level, as did the State agency medical consultants who assessed the nature and severity of her condition.  No opinion of record, either treating or examining, supports the claimant's allegation of debilitating pain.  The claimant is not credible in her assertions.
>
> Consideration has also been given to a Disability Report completed by the claimant wherein she stated that she spent her day caring for her infant daughter, including feeding her, changing her, trying to occupy her with television and books and "other quite unexertful things."  The claimant stated that she occasionally became grouchy or upset when others could do things she could not because of her back pain.  She stated that she sometimes required help getting in and out of the tub or with getting her child in and out of the tub.  She said she prepared all the meals, three times per day, and also performed laundry and washed the dishes, though she needed help lifting, vacuuming and mopping.  She spent half an hour per day reading, or until her neck began to hurt.  She said she could not perform any hobbies except going to church, and that she went to church weekly because the church van picker her up (Ex. 1E).  The claimant completed a Pain Questionnaire in January 2004 wherein she stated that she experienced pain if she stood too long, that stretching caused spasms, and bending or sitting too long caused pain in her legs and back.  She said she could not get pain medication because she had no medical coverage (Ex. 5E).  These statements are not particularly probative as they were completed prior to the claimant beginning care with ARNP West and starting effective medications.
>
> In assessing the claimant's credibility regarding her alleged limitations, I note that the extent of her assertions is not supported by the objective medical evidence of record. ARNP West, the claimant's primary care provider, noted repeatedly that when she took methadone she was "functional" and "productive" (Ex. 11F).  The claimant was noted to be a caretaker not only for her toddler daughter, but also for her ill husband.  In fact, she reported that she

REPORT AND RECOMMENDATION
Page - 3

was doing "everything" around the house.  The claimant reported that she was able to perform household chores and run errands.  ARNP West's notes indicate consistently that the claimant's pain was tolerable and she engaged [and] I note also the claimant's reports to Mr. Stagg, her therapist, in March 2006 that she enjoyed spending time outdoors with her daughter (Ex. 12F/6).  The evidence shows that the claimant engaged in a normal level of daily activities when compliant with her medication; she also noted that the claimant's symptoms of depression and anxiety were well controlled by medication; the records indicate that the claimant experienced increased symptoms when she decided to stop taking her medications, and that she reported increased depression and anxiety when dealing with relational stressors.

> Also bearing on the claimant's credibility is the fact that she was not compliant with treatment recommendations.  ARNP West noted that the claimant did not follow up with orthopedist Dr. McGovern and the hand therapy he recommended, or with gastroenterologist Dr. You regarding her hepatitis C (Ex. 11F).  In addition, the claimant was discharged from services at Peninsula Mental Health for her failure to participate; ms Johnson noted that the claimant attended only one therapy session in six months and Mr. Stagg also noted multiple cancellations and no-shows due to her chronic respiratory ailments, advice she failed to follow.  One would expect the claimant to follow through with treatment recommendations made by health care providers if her impairments were as debilitating as she alleges.  She was obviously able to attend appointments with ARNP West, and to go to the emergency room; she would have been able to exert the same effort with other specialists and mental health providers.  Finally, the claimant's poor work history does not bolster her credibility.  She has not engaged in work at the level of substantial gainful activity in the last 15 years, many of which precede her alleged onset date of disability.  Her poor work history raises the question of whether her alleged inability to work is due to her impairments or to a lack of motivation.  For the above reasons, I do not find the claimant credible as to her alleged limitations.  Moreover, none of the opinions of record support the claimant's contentions.

(Tr. 26-27).

The undersigned finds the ALJ gave several legitimate reasons to discredit Plaintiff's alleged sitting and standing limitations and need to lie down for 4 to 5 hours a day.  As noted above, these reasons included the medical opinions of record, Plaintiff's improvement with methadone, her daily activities, noncompliance with treatment recommendations, and a poor work history.   The record supports the ALJ interpretation.  For example, ARNP West's notes clearly show that Plaintiff responded very well to methadone treatment over a significant period of time (Tr. 766, 813, 809, 807, 805, 803, 801, 799, 797, 795, 830, and 827).    Ms. West also stated that Plaintiff could perform sedentary work, with certain limitations on standing and sitting for prolonged periods (Tr. 701, 707, 934).  The ALJ's decision is further supported by the State agency reviewing physicians, who also indicated Plaintiff could perform sedentary work. Tr. 149, 155.

After reviewing the record, the undersigned finds the ALJ properly discounted Plaintiff's testimony regarding the severity of her impairments.  Accordingly, the undersigned also finds no error in the ALJ evaluation of Plaintiff residual capacity to perform certain types of sedentary work, i.e., an

assembler, addresser, or document preparer.

## **CONCLUSION**

Based on the foregoing discussion, the Court should AFFIRM the administrative decision. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **May 16, 2008**, as noted in the caption.

DATED this 25th day of April, 2008.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
U.S. Magistrate Judge